**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

MORRIS LYNN JOHNSON                                                          PETITIONER
REG #01798-135

vs.                                Case No. 2:14-cv-00016-BSM-JTK

ANTHONY HAYNES, Warden,
FCI Forrest City Medium                                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court
Chief Judge Brian S. Miller. Any party may serve and file written objections to this
recommendation. Objections should be specific and should include the factual or legal basis
for the objection. If the objection is to a factual finding, specifically identify that finding and
the evidence that supports your objection. An original and one copy of your objections must
be received in the office of the United States District Court Clerk no later than fourteen (14)
days from the date of the findings and recommendations. The copy will be furnished to the
opposing party. Failure to file timely objections may result in waiver of the right to appeal
questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,
or additional evidence, and to have a hearing for this purpose before the District Judge, you
must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court

Eastern District of Arkansas

600 West Capitol Avenue, Suite A149

Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner Morris Lynn Johnson, an inmate at FCI Forrest City Medium, is serving an aggregate federal sentence of seventy (70) years and one day for a litany of criminal convictions.[1]  In this action brought pursuant to 28 U.S.C. § 2241, Petitioner requests

---

[1]15 years and 1 day imposed by the United States District Court (USDC) for the Western District of Kentucky on January 21, 1975 for bank robbery; 2 years imposed by the USDC for the Eastern District of Louisiana on October 15, 1976 for conspiracy to commit armed bank robbery; and 5 years for escape, 10 years for "taking or carrying away from a bank deposits insured by FDIC," 5 years for a second escape, 25 years for bank robbery, 25 years concurrent for bank robbery, 25 years concurrent bank robbery, 25 years for putting lives of others in jeopardy by using firearms, 20 years for larceny imposed by the USDC for the Northern District of Georgia on October 14, 1977.

reinstatement of his parole.  For the reasons that follow, the petition is denied.

In 1963, the United States District Court for the Southern District of Indiana sentenced Petitioner to eighteen (18) years' imprisonment for bank robbery.  Petitioner escaped custody in 1967 and committed a bank robbery while on escape; he received an additional three (3) years' imprisonment for escape and twenty (20) years' imprisonment for bank robbery.  He was paroled on December 13, 1973, but he absconded from supervision and, in May 1974, began to commit the string of crimes that led to the seventy (70) year sentence here.  A warrant was issued charging Petitioner with violation of parole conditions.  This warrant was placed as a detainer against Petitioner.

At a combined initial parole hearing on the seventy (70) year sentence and dispositional revocation hearing on January 4, 1988, the Parole Commission revoked Petitioner's parole, ordered that he receive limited jail credit for time spent on parole, and ordered completion of the unexpired portion of his original federal sentence upon parole or mandatory release from the new sentence.  With respect to the new sentence, the Commission denied parole and ordered Petitioner to serve until a fifteen (15) year reconsideration hearing in January 2003.   Petitioner, although entitled to interim hearings, waived parole consideration until he executed a new parole application in June 1999.  At an interim hearing in August 1999, the Commission ordered no change in its previous decision for a fifteen (15) year consideration hearing in January 2003.

On November 26, 2002, the Commission conducted the fifteen (15) year

reconsideration hearing and ordered a presumptive parole date of November 26, 2005. Petitioner was to be paroled to the actual physical custody of the Duval County Sheriff in the State of Florida and remain on parole until July 25, 2045.  Petitioner was transferred to a halfway house on June 1, 2005 and then placed on home confinement on September 8, 2005. Prior to the commencement of parole, however, the Federal Bureau of Investigation arrested Petitioner for attempting to purchase rifles from an undercover officer.  Subsequently, the Parole Commission reopened Petitioner's case, suspended parole release, and scheduled a hearing.  Although the criminal charges were dismissed, the Commission concluded at the hearing that Petitioner had committed a criminal act that extended to the community and therefore rescinded parole release and ordered that he serve the expiration of his sentence. This decision was affirmed on administrative appeal.

Petitioner waived parole on April 14, 2009; he next applied on October 26, 2011, but waived his hearing, stating that he did not want to participate in any more hearings. Petitioner reapplied for parole on June 24, 2013, and on June 27, 2013, the Commission's Office of General Counsel recommended that the Commission vacate its parole rescission decision and schedule an in-person rescission hearing to consider unadjudicated criminal charges that Petitioner was alleged to have committed prior to his release on parole.  The hearing took place on September 5, 2013.  The hearing examiner found by a preponderance of the evidence that Petitioner had possessed multiple firearms based on Petitioner's admission that he negotiated the sale of two rifles and handed over funds in exchange for the

4

weapons.  Thus, the Commission rescinded the parole effective date of November 26, 2005 and ordered Petitioner to serve to the expiration of his sentence.  Petitioner did not file an administrative appeal of this decision.

Petitioner submitted the instant habeas petition to the United States District Court for the Southern District of Indiana - Terre Haute Division on February 4, 2014.  That Court transferred the case to the Eastern District of Arkansas on February 6, 2014 because Petitioner is incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. Petitioner requests that the Court order the Parole Commission to reinstate his parole and order his release.  He alleges the Parole Commission violated his due process rights by utilizing six (6) illegal and false bank robberies and four (4) false documents against him in violation of its own rules and 18 U.S.C. § 2515.  Therefore, he asserts that none of the information acquired should be used by the Commission for determining any offense severity, salient factor score, or any other purpose in his parole release, revocation, or rescission.  Further, Petitioner contends the Parole Commission violated his due process rights by not conducting an in-person hearing on July 19, 2007 that would afford him the opportunity to present a meaningful defense.

Respondent opposes Petitioner's habeas petition, contending that he failed to properly exhaust his administrative remedies before bringing the petition.  Alternatively, Respondent asks that the petition be dismissed on its merit.

Generally, federal prisoners must exhaust all available administrative remedies before

seeking habeas corpus relief under 28 U.S.C. § 2241.  *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam).  The exhaustion requirement protects agency power by giving it "the opportunity to apply its expertise, exercise the discretion delegated to it by Congress, and correct its own alleged errors" and allows the agency to fully develop a factual record for judicial review, as well as to aid the court in understanding technical matters.  *United States v. Dico, Inc.,* 136 F.3d 572, 576 (8th Cir. 1998).  The exhaustion requirement for a § 2241 habeas petition is judicially created; therefore, a court may exercise its discretion to decide a petition on its merits even if a prisoner has not exhausted his administrative remedies.  *Leuth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007).

Following the September 5, 2013 hearing, the Parole Commission issued a Notice of Action on September 25, 2013, advising Petitioner of its decision to rescind parole and require continued service of his sentence until its expiration.  The notice advised Petitioner that the decision was appealable within thirty (30) days, but Petitioner did not appeal.  Thus, the Court recommends that this case be dismissed, without prejudice, for failure to exhaust administrative remedies.[2]

---

[2]Even if the Court were to assume that exhaustion in this case was futile, it would nonetheless recommend denial of the Petition on the merits because (1) a federal court has no jurisdiction to review for abuse of discretion the substantive decision of the Parole Commission to grant or deny parole, *see Wright v. United States Parole Commission*, 948 F.2d 433 (8th Cir. 1991), (2) the exclusionary rule is generally inapplicable in parole revocation proceedings, *see Bradley v. Fairfax*, 634 F.2d 1126, 1132 (8th Cir. 1980), (3) there is no evidence of an illegal

For the reasons enumerated above, the undersigned recommends that the habeas petition (DE #1) be dismissed and all requested relief be denied.  All pending motions should be denied as moot.

SO ORDERED THIS 10th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

wiretap, and Petitioner admitted to giving money to an undercover agent in exchange for rifles while on home confinement, and (4) any due process violations were cured when the Commission, at the recommendation of its General Counsel, reopened the case and conducted a new in-person hearing in 2013.